Case 1:16-cv-04606-PGG-RWL Document 21-6 Filed 05/10/17 Page 1 of 8
Case 1:12-cv-09327-LAK-AJP Document 40 Filed 08/16/13 Page 1 of 8    1
D7ondoec                      Telephone Conference

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   JOHN DOE,

 4                  Plaintiff,

 5             v.                       12 Civ. 9327 (LAK)(AJP)

 6   UNUM LIFE INSURANCE COMPANY OF
     AMERICA,
 7
                    Defendant.
 8
     ------------------------------x
 9
                                        New York, N.Y.
10                                      July 24, 2013
                                        10:00 a.m.
11
     Before:
12
                      HON. ANDREW J. PECK,
13
                                        U.S. Magistrate Judge
14
                           APPEARANCES
15
     RIEMER & ASSOCIATES
16        Attorneys for Plaintiff
     BY:  SCOTT RIEMER
17
     BEGOS and HORGAN & BROWN
18        Attorneys for Defendant
     BY:  PATRICK BEGOS
```

Case 1:16-cv-04606-PGG-RWL Document 21-6 Filed 05/10/17 Page 2 of 8
Case 1:12-cv-09527-LAK-AJP Document 40 Filed 08/16/13 Page 2 of 8    2
D7ondoec                        Telephone Conference

1             (In chambers)
2             THE COURT:  Counsel, this is Judge Peck.  Please state
3    your names and each time you speak begin with your name.
4             MR. RIEMER:  Your Honor, this is Scott Riemer for the
5    plaintiff.
6             MR. BEGOS:  Good morning, your Honor.  This is Patrick
7    Begos for defendant.
8             THE COURT:  All right.  The purpose of this conference
9    is to deal with the motion for a confidentiality order.  I know
10   that under Judge Kaplan's procedures it is done as a formal
11   motion, with formal response, etc.
12            But since he has referred the motion to me and I
13   prefer to deal with discovery motions the traditional Southern
14   District way of premotion conferences, this is that
15   quote-unquote premotion conference, even though the motion is
16   already filed.
17            I have read the motion.  Therefore, Mr. Riemer, why
18   don't you tell me why the confidentiality order should not be
19   entered.
20            MR. RIEMER:  OK, your Honor.  Let me just say I am at
21   a bit of a disadvantage because I have been on vacation for the
22   last ten days and haven't started to prepare the opposition
23   yet.
24            But the reason why it is not confidential are that we
25   will agree to redact the confidential information from the

Case 1:16-cv-04606-PGG-RWL Document 21-6 Filed 05/10/17 Page 3 of 8
Case 1:12-cv-09527-LAK-AJP Document 40 Filed 08/16/13 Page 3 of 8  3
D7ondoec                        Telephone Conference

1    documents, so there is no need for the entire document to be
2    subject to a confidentiality agreement because all of the
3    sensitive information will be redacted out of the documents.
4              THE COURT:  Let's take it in pieces.  That appears to
5    deal with the --
6              MR. RIEMER:  It deals with -- actually there's two
7    components.
8              THE COURT:  Actually, there seem to be three.  So let
9    me split it up.
10             MR. RIEMER:  OK.
11             THE COURT:  One is whatever personal information,
12   particularly health information, there may be about others than
13   Mr. Doe.  With respect to that I take it what you are saying is
14   that UNUM can redact the names of the other people so that they
15   are not violating HIPA or the like.
16             Is that what you are saying?
17             MR. RIEMER:  That is exactly right.
18             THE COURT:  All right.  Mr. Begos, does that work for
19   those documents?
20             MR. BEGOS:  Well, it is certainly something that we
21   are doing, and the parties have agreed that personal
22   information should be redacted.  But it is not sufficient.  The
23   information in the documents is still confidential, and if
24   Mr. Riemer is permitted free use of this material in any
25   litigation that he sees fit or in any way that he sees fit, it

Case 1:16-cv-04606-PGG-RWL Document 21-6 Filed 05/10/17 Page 4 of 8    4
Case 1:12-cv-09527-LAK-AJP Document 40 Filed 08/16/13 Page 4 of 8
D7ondoec                    Telephone Conference

1   increases the possibility that somebody is going to identify
2   these people.
3              THE COURT:  Stop for one minute.  Mr. Riemer, is this
4   something that you are desirous of using beyond this
5   litigation?
6              MR. RIEMER:  Well, what I was prepared to agree to,
7   and UNUM would not agree to, would be that I would enter into a
8   protective order saying that I could only use this information
9   in other cases against UNUM.  So this is not something I am
10  going to put on the web or anything like that or give to any
11  other attorneys.
12             THE COURT:  We are trying to trifurcate the material.
13             Is there really an argument that you are going to use
14  any of the medical information in another case against UNUM?
15             MR. RIEMER:  Not the medical.
16             THE COURT:  OK.
17             MR. RIEMER:  Just the fact that these reports are done
18  by particular doctors.  So I am not going to be using it
19  because of some claimant that's name is now redacted.  So this
20  is only to be used to --
21             THE COURT:  Is the only thing you would use it for is
22  to say that Dr. Moriarity, making up a name, is someone who
23  makes a lot of money doing reports for UNUM?
24             MR. RIEMER:  That is one of the points, yes.
25             THE COURT:  What else?

Case 1:16-cv-04606-PGG-RWL Document 21-6 Filed 05/10/17 Page 5 of 8
Case 1:12-cv-09527-LAK-AJP Document 40 Filed 08/16/13 Pages 5 of 8     5
D7ondoec                        Telephone Conference

1           MR. RIEMER:  Well, also that he opines on various

2    conditions that he may not have an expertise in, that he uses

3    boilerplate language in all of his reports.

4           THE COURT:  I guess, then, the question is you are

5    free -- the main dispute on all of this seems to be the use in

6    other litigation.  Obviously, you will know whatever you know

7    from this information, but in terms of actually using the

8    physical documents or its ESI -- electronically stored

9    information -- equivalent, why should you have a leg up in the

10   next case against UNUM that another lawyer would not have?

11          In other words, if you get 12 reports from my

12   fictitious Dr. Moriarity in this case and it shows that he is a

13   hack and in the next case you have for a plaintiff against UNUM

14   he was examined by Dr. Moriarity or his records were examined

15   by Dr. Moriarity and you want to make the argument that

16   Moriarity is a hack, you can request the same information again

17   in that case.  Why should you, as opposed to the next lawyer

18   who sues UNUM, be able to use information from this case in

19   other cases?

20          MR. RIEMER:  There is two real reasons.  One would be

21   more efficient court administration.

22          THE COURT:  Well, the efficient court administration

23   at the moment is there is a motion in front of me that

24   shouldn't have been made.

25          What is the second argument?

1     MR. RIEMER:  These are ERISA cases.  The Supreme Court
2  in a case called Metlife v. Glenn specifically held that in
3  deciding ERISA cases an insurance company's conflict of
4  interest could be taken into account.  The Supreme Court said
5  that one aspect of that would be looking at bad prior conduct
6  of the insurance company.
7     THE COURT:  To the extent that is relevant, in every
8  case where it is relevant, you will make the appropriate
9  request for information.  Not only that, but you can make it
10 with a great deal of specificity because you will have had the
11 information in prior cases.  You will just have to obtain it,
12 again to the extent that UNUM prefers to have to produce
13 material multiple times in multiple cases.
14    MR. RIEMER:  And multiple judges have to go through
15 the same exercise over and over again.
16    THE COURT:  Well, either that is relevant, and any
17 judge will tell you it is relevant; or, if it isn't, then you
18 shouldn't be keeping it from one case for use in another that
19 the judge might not have allowed you to use it in.
20    MR. RIEMER:  I am not going to violate a court order
21 for sure.  But the thing is, this information comes up in every
22 single case.
23    THE COURT:  Then you will get it in every single case.
24    MR. RIEMER:  But also the burden is on the defendant
25 to prove that this information is confidential.

Case 1:16-cv-04606-PGG-RWL Document 21-6 Filed 05/10/17 Page 7 of 8
Case 1:12-cv-09527-LAK-AJP Document 40 Filed 08/16/13 Page 7 of 8      7
D7ondoec                        Telephone Conference

1       THE COURT: But there doesn't seem to be any doubt
2  that it is confidential. As I understand it, you were agreeing
3  with them to a confidentiality order.
4       MR. RIEMER: Compromising. I wasn't agreeing.
5       THE COURT: OK. In that case that makes it easy.
6       The Court grants the motion without prejudice to
7  plaintiff's application that any of the material it receives
8  that is marked confidential pursuant to the protective order is
9  not confidential. The burden of making that motion will be on
10  the plaintiff. The burden of establishing confidentiality
11  under Rule 26(c) and its case law, however, fully remains on
12  UNUM.
13      MR. BEGOS: Thank you, your Honor.
14      THE COURT: Anything else from either side?
15      MR. BEGOS: No, your Honor.
16      THE COURT: Mr. Riemer?
17      MR. RIEMER: No.
18      THE COURT: All right.
19      I am going to require both parties to purchase the
20  transcript. You can go to the Southern District Reporters
21  website, which is www.sdreporters.com, and order the transcript
22  there.
23      In addition, as a matter of courtesy, I will advise
24  you of what you should know as to the rules, which is pursuant
25  to 28 U.S. Code, Section 636, you have the option of filing

Case 1:16-cv-04606-PGG-RWL   Document 21-6   Filed 05/10/17   Page 8 of 8        8
Case 1:12-cv-09527-LAK-AJP   Document 40   Filed 08/16/13   Page 8 of 8
D7ondoec                        Telephone Conference

1   objections to my ruling with Judge Kaplan.  Those objections
2   must be filed within 14 days or they are waived.  And the
3   14-day period starts running immediately, since you have heard
4   my ruling, regardless of how long it takes you to purchase and
5   obtain the transcript.
6            Do you need any sort of written confidentiality order?
7            MR. BEGOS:  Your Honor, we had submitted a proposed
8   protective order with our motion, which I think the only
9   dispute that Mr. Riemer had was about the use in other
10  litigation.  So from my perspective if your Honor would sign
11  that proposed protective order, that would be wonderful.
12           THE COURT:  All right.
13           Mr. Riemer?
14           MR. RIEMER:  Your Honor, I haven't actually read that
15  yet.  That may be the case, but I am not sure that it is.
16           THE COURT:  All right.  Why don't you read it and call
17  my secretary within an hour and tell her whether, other than
18  with respect to the ruling I have already made, there is any
19  reason why I should not sign the attached proposed protective
20  order.
21           MR. RIEMER:  OK.
22           THE COURT:  All right, gentlemen.  Thank you.
23           MR. BEGOS:  Thank you, your Honor.
24           MR. RIEMER:  Thank you.
25           (Adjourned)