Paul M. Kampfer (PK 9186)
RIEMER & ASSOCIATES, LLC
Attorneys for Plaintiff
60 East 42nd Street, Suite 1750
New York, New York 10165
(212) 297-0700
pkampfer@riemerlawfirm.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| | |
|---|---|
| DAVID ROBERT AITKEN, | 1:16-CV-04606 (PGG)(JCF) |
| Plaintiff, | **AFFIRMATION OF PAUL M. KAMPFER IN OPPOSITION** |
| -against- | |
| AETNA LIFE INSURANCE COMPANY | |
| Defendant. | |

-----------------------------------------------------------------X

PAUL M. KAMPFER, an attorney duly admitted to practice in the Courts of this State, does hereby affirm to be a true under penalties of perjury as follows:

1. I am counsel for Plaintiff in the above-referenced action. I submit this affirmation in opposition to Aetna Life Insurance Company's ("Aetna") motion for a protective order.

**Disclosures Outside of This Lawsuit**

2. Aetna's Policies & Procedures ("P&Ps) and the claims manuals of a large number of Aetna's competitors are already in the public domain either through the efforts of Riemer & Associates LLC, other lawyers, or voluntarily.

3. Aetna voluntarily produced its P&Ps without a protective order in *Fowler v. Aetna Life Ins. Co.*, 08 CV 03463 (N.D. Ca. Aug. 21, 2009) (unpublished). A copy of the Court's order documenting this fact is annexed as **Exhibit A**.

1

4. Aetna's P&Ps produced in *Fowler* were effective in July 2003, with updates/revisions through August 2009, and consist of the following sections, without limitation: Vocational Rehabilitation Intervention; STD to LTD Transition; Vocational Rehabilitation Transferrable Skills Analysis and Labor Market Analysis; Offsets and Overpayment Collection; LTD Management; LTD Claim Documentation; Claim Management Documentation; Rehabilitation Review & Referral; Appeals; Behavioral Health Unit; Complaint Handling; Authority Levels; Complex Claim Investigative Unit; *etc.*

5. Attached hereto as **Exhibit B** is the Supplemental Declaration of Brian H. Kim In Opposition to Aetna's Motion for Protective Order, which was filed in the *Fowler* case. In his declaration, Mr. Kim explains that Aetna's P&Ps: were produced without a protective order in *Williams v. Aetna Life Insurance Co.* (04 CV 6228 (N.D. Ill); and were voluntarily produced by an in-house Claim Analyst at Aetna in December 2004.

6. In addition to Aetna's P&Ps, the claims manuals of the following insurers are available without a protective order: UNUMProvident Corporation; Hartford Life and Accident Insurance Company ("Hartford"); Liberty Life Assurance Company ("Liberty Life"); and CIGNA.

7. The claims manual of UNUMProvident Corporation (n/k/a UNUM Group), is voluntarily distributed by UNUM on a CD to any claimant who requests it both during the administrative review process and during litigation.

8. Upon information and belief, UNUM is the industry leader controlling more than 60% of the long-term disability insurance market.

9. The claims manual of INA Life Ins. Co. of New York's (n/k/a CIGNA) was ordered produced without a protective order in *Levy v. Life Ins. Co. of New York*, 2006 U.S. Dist. LEXIS 83060 (S.D.NY. Nov. 14, 2006) (Lynch, J.).

10. The 3,000+ page claims manual of Hartford was ordered produced without a protective order in *Jacoby v. Hartford Life & Accident Ins. Co.*, 254 F.R.D. 477 (S.D.N.Y. Jan. 23, 2009) (Kaplan, J.).

11. The 4,000+ page claims manual of Liberty Life was ordered produced without a protective order in *Aragon v. Liberty Life Ass. Co.*, No. RG05242470 (Cal. Sup. Ct., Alameda Cty., Sept. 7, 2006) (unpublished). A copy of the Order and Statement of Items in Dispute are annexed here to as **Exhibit C**.

12. Obtaining access to claims manuals is of vital importance in litigating long term disability claims under ERISA.

13. If an insurance company does not administer its claims consistently or in accordance with its own procedures, it may be grounds to establish that the insurance company failed to furnish the claimant with a full and fair review and/or that the determination was arbitrary and capricious.

14. Moreover, if an insurance company cannot demonstrate that it has procedures in place to ensure compliance with ERISA's procedural regulations, and the insurance company's failure to comply with such regulations was neither inadvertent nor harmless to the claimant, the insurance company's decision will be subject to *de novo* review.

15. Without a copy of the claims manual, a claimant cannot verify whether the procedures were, in fact, followed or whether the insurance company's procedures are consistent with ERISA's requirements. Without a claims manual, it would be like practicing in the federal courts without access to the Federal Rules of Civil Procedure.

**Aetna's Disclosure of Plaintiff's Settlement Position**

16. Aetna impermissibly divulged Plaintiff's settlement position regarding disclosure of Aetna's P&Ps and Scorecard. *See* Decl. of Patrick W. Begos ("Begos Decl."), dated May 10, 2017 (Doc

21-2), ¶¶4, 6; Aetna's Memorandum of Law in Support of Motion for a Protective Order (Doc 21-7), p. 1.

17. Specifically, Plaintiff agreed to sign a protective order if it allowed disclosure and use of Aetna's P&Ps and Scorecard in future litigations against Aetna only.

18. Riemer & Associates LLC litigates many cases against Aetna that involve the exact same issues as the instant motion.

19. As part of our good faith communications with opposing counsel, we explained that this compromise would ensure the confidentiality of Aetna's P&Ps and Scorecard in future litigations; and that it would promote judicial efficiency by negating the need for future court intervention on the same issue. We also noted that we have no intention of disclosing these documents to anyone else.

20. To be clear, throughout our good faith communications with opposing counsel, we maintained that Aetna's P&Ps and Scorecard are not confidential and that there is no need for a protective order.

Dated:  May 16, 2017
        New York, New York

/s/ Paul M. Kampfer
Paul M. Kampfer (PK 9186)
RIEMER & ASSOCIATES LLC
Attorneys for Plaintiff
60 East 42nd Street, Suite 1750
New York, New York 10165
(212) 297-0700
pkampfer@riemerlawfirm.com

**CERTIFICATE OF SERVICE**

      I certify I am attorney for PLAINTIFF and that on May 16, 2017, I served a true and complete copy of the Affirmation of Paul M. Kampfer In Opposition, by transmitting the same via Email to the following individuals:

Patrick W. Begos, Esq.
Robinson & Cole LLP
1055 Washington Boulevard
Stamford, Connecticut 06901
(203) 462-7500
pbegos@rc.com

      I also certify this document was filed through the ECF system and will be served electronically to all registered participants on May 16, 2017.

Date:   New York, New York
          May 16, 2017

                                          Respectfully submitted,

                                          /s/ Paul M. Kampfer_____
                                          Paul M. Kampfer (PK 9186)
                                          RIEMER & ASSSOCIATES, LLC
                                          60 East 42nd Street, Suite 1750
                                          New York, New York 10165
                                          (212) 297-0700
                                          pkampfer@riemerlawfirm.com